J. H. McCALLUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14311.   Promulgated December 19, 1928.

*Robert C. Foulston, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

OPINION.

Morris: McCallum having died in 1924 and the books and records containing the transactions here in dispute having been lost, hence not available as evidence at the hearing of this proceeding, the peti-

tioner's counsel was decidedly handicapped, and was necessarily compelled to resort to secondary evidence in the presentation of his case. McCallum's bookkeeper, who recorded these transactions and who was in intimate touch with the affairs of Cressler & McCallum Co. during the year in controversy, gave testimony based upon his personal knowledge of these transactions, and from his testimony we are satisfied that McCallum did, in fact, sustain a loss of $4,000 in September, 1920, because of the sale in that month of his interest in a royalty which proved unprofitable.

With respect to the other item of expense here in dispute, it appears from the testimony that the amount is $8,013.40 instead of $8,018.40, as set forth in the allegation of error herein. The record shows that McCallum and his associate had expended $26.20 in the Otto Creek Oil Co. project and that because of disputes arising among the interested parties they withdrew therefrom in 1920, sustaining a loss of the amount so expended; that the item of $339.67 was the amount incurred and paid during the taxable year for stenographic salaries and office expenses; that the sum of $1,868.75 represented the purchase of a lease in Butler County upon which work was suspended and the lease assigned to one McClintick in 1920 without compensation; and that the amounts denominated Taylor, Randle, Wenger, and Huffman & Weber leases were rentals paid under those leases which were, because of the failure of developments, allowed to lapse. The record further shows that the sum of $1,192.54 was expended in the development of an oil well under a lease in Oklahoma which was abandoned in 1920 for the reason that the well was found to be dry; and that a $50 loss was sustained in 1920 because of the failure of the McHarg Brokerage Co., which went into the hands of receivers and was dissolved in 1920.

While we have no direct evidence of the actual expenditure of some of the various amounts included in the deduction of $8,013.40, we do have the undisputed testimony of the bookkeeper who recorded these transactions and who was in intimate touch with the business of McCallum, and who prepared his return for 1920, that they were recorded in the books of account and that in his opinion these losses were actually sustained. In the absence of a showing to the contrary we must infer that the books of account correctly set forth the amounts of income and expenses and that the explanations made in good faith are correct. There has been no showing on the part of the respondent that these amounts are incorrectly recorded in the books of account, and since they purport to record the actual expenditures made, we assume that they were in fact made as represented. We are satisfied from the evidence that the petitioner is entitled to deduct the amounts which we have discussed in the

preceding paragraph in the computation of McCallum's net income for 1920.

The evidence with respect to the "Mineral Lease—Seneca, Mo.," the Princess Oil Co., and the Butler County project, in our opinion, is insufficient to establish the validity of the deductions claimed. With respect to the mineral lease, all that the record shows is that the $166.78 represents a coal lease which was acquired and surrendered in 1920, and, with respect to the Princess Oil Co. transactions, we are told that the sum of $357 represents total payments made according to the books of account in the organization of a small company and operation of a lease. All that we know about the Butler County project is that the amount in question was advanced to the drilling contractor for the completion of an oil well in that county and that the well came in dry. We do not know the nature of the contract under which the work proceeded. Without more we are unable to grasp the true significance of these transactions and we must, therefore, approve the findings of the respondent insofar as they are concerned.

*Judgment will be entered under Rule 50.*